IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BRACKEEN, § | | |
| (BOP Register No. 42663-177), § | | |
| § | | |
| Movant, § | | |
| § | | |
| V. § | No. 3:17-cv-2891-M-BN | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant James Brackeen, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. Nos. 2 & 6. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, because Brackeen's Section 2255 motion is barred by the applicable statute of limitations, the Court should summarily dismiss it under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Applicable Background**

In 2011, Brackeen pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *See United States v. Brackeen*, No. 3:11-cr-1-M (01) (N.D. Tex.), Dkt. No. 34. Because he has twelve prior Texas convictions for

burglary – six for burglary of a building and six for burglary of a habitation – he was sentenced under the Armed Career Criminal Act ("the ACCA") to 200 months in prison with three years of supervised release. *See id.* He filed a direct appeal, but it was dismissed as frivolous on June 19, 2012. *See United States v. Brackeen*, 471 F. App'x 361 (5th Cir. 2012).

On September 6, 2017, the Court received a letter from Brackeen asking whether he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), or *United States v. Mathis*, 136 S. Ct. 2243 (2016). *See United States v. Brackeen*, No. 3:11-cr-1-M (01) (N.D. Tex.), Dkt. No. 55. Because his letter appeared to implicate arguments for post-conviction relief, the Court explained to him the procedure for raising claims under Section 2255 and ordered that he "either advise the Court that he does not seek relief under Section 2255 or file an amended motion" by October 20, 2017. *See United States v. Brackeen*, No. 3:11-cr-1-M (01) (N.D. Tex.), Dkt. No. 57 at 2.

On October 19, 2017, Brackeen filed this Section 2255 motion. *See* Dkt. No. 2. He claims that his sentence must be vacated because, after *Johnson*, his prior burglary convictions no longer qualify as violent felonies under the ACCA and that his counsel was ineffective for failing to challenge his conviction on those grounds. *See id.* at 7.

Brackeen's Section 2255 motion appeared to be untimely, so the Court ordered him to show cause why his motion should not be dismissed as time-barred. *See* Dkt. No. 4. He responds that the Court should equitably toll the statute of limitations and that he can overcome it because he is actually innocent of his conviction and sentence.

*See* Dkt. No. 7 at 1-2.

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson,* 177 F.3d

390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires

reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

I.  <u>Statute of Limitations</u>

Because Brackeen's claim relies on a right that the Supreme Court first recognized in *Johnson*, and because such a claim triggers Section 2255(f)(3), his statute of limitations began to run on June 26, 2015 – the date on which *Johnson* was announced. *See* 28 U.S.C. § 2255(f)(3); *see also Beeman v. United States*, 871 F.3d 1215, 1220 (11th Cir. 2017) (holding that *Johnson* claims trigger Section 2255(f)(3) because *Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review); *United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017) ("By its plain language, the statute allows a § 2255 motion to be filed within one year of 'the date on which the right *asserted* was initially recognized by the Supreme Court'" and "Snyder's § 2255 motion did just that, alleging, in pertinent part, that his 'ACCA sentence is no longer valid under *Johnson*.'") (emphasis in original)). Brackeen had one year from that date – or until June 26, 2016 – to timely file his Section 2255 motion. *See Beeman*, 871 F.3d at 1219 ("Because the Supreme Court issued *Johnson* on June 26, 2015" a movant "wishing to raise a *Johnson* claim had until June 26, 2016, to file a motion obtaining that claim."). He filed his Section 2255 motion, at the earliest, on September 6, 2017 – the date on which he filed his letter inquiring whether he was entitled to post-conviction relief. Thus his motion is untimely.

II. Equitable Tolling

Brackeen argues that the Court should equitably toll the statute of limitations because, when *Johnson* was announced, he was in Texas prison and thus "did not have access to federal case law and/or federal statutes" to research and file his Section 2255 motion. Dkt. No. 7 at 2-3. He also notes that he was not entitled to court-appointed counsel and that the Texas prison "did not make any exceptions" with assisting federal inmates who were serving state sentences. *Id.* But "neither [Brackeen's] *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling." *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (per curiam); *see also Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, a lack of knowledge of filing deadlines, a prisoner's pro se status, and a lack of legal training do not support equitable tolling of AEDPA's statute of limitations). Brackeen has presented no other argument that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing his Section 2255 motion, and so he has not carried his burden to warrant equitable tolling.

III. Actual Innocence

Brackeen also claims that he can overcome the statute of limitations because he has a credible claim of actual innocence. Specifically, he argues that he is actually innocent of his conviction and sentence under the ACCA because Texas burglary no longer qualifies as a predicate "violent felony" after *Johnson* and *Mathis*. *See* Dkt. No. 6 at 3. But Brackeen cannot use that argument to pass through the actual-innocence gateway; it is an argument of "legal insufficiency," not "factual innocence." *Cf. Bousley*

*v. United States*, 523 U.S. 614, 624 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."); *see also, e.g.*, *Damon v. United States*, 732 F.3d 1, 2-3 (1st Cir. 2013) (holding that where the petitioner contested "only the categorization of his prior conduct as a crime of violence," he did not plead "'actual innocence' as defined in *Bousley*."); *McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) ("McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a 'crime of violence' ... In other words, he makes no claim of factual innocence of the predicate offense.").

Here, Brackeen does not offer new, reliable evidence to show that he was not a felon in possession of a firearm or that he was factually innocent of any of his twelve Texas burglary convictions. *Cf. United States v. Maybeck*, 23 F.3d 888, 890, 894 (4th Cir. 1994) (holding that a Section 2255 movant was actually innocent of his career offender sentence because he was "actually innocent of one of the predicate requirements for classification as a career offender" – that is, he was factually innocent of one of the his prior convictions that justified the enhancement). So he cannot pass his Section 2255 claims through the narrow gateway of actual innocence to overcome the time-bar. *Cf. McQuiggin*, 133 S. Ct. at 1928 (holding that the actual innocence gateway to federal habeas review requires the petitioner to "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.") (internal citation omitted).

For these reasons, it "plainly appears" that Brackeen "is not entitled to relief"

on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see also Paz v. United States*, No. 3:16-cv-1815-M-BN, 2017 WL 2954651 (N.D. Tex. May 18, 2017) ("[I]t 'plainly appears' that Movant 'is not entitled to relief' on the Section 2255 motion, and the motion should be dismissed.") (citing Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts), *rec. adopted*, 2017 WL 2954397 (N.D. Tex. Jul. 7, 2017).

**Recommendation**

The Court should summarily dismiss this Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE