IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BRACKEEN <br> (BOP Register No. 42663-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:17-cv-2891-M-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

The Court dismissed Movant James Brackeen's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence as barred by the statute of limitations. *See* Dkt. No. 16. He now seeks authorization to file a successive Section 2255 motion in which he will again collaterally attack his sentence. *See* Dkt. No. 17. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Brackeen's request to file a successive Section 2255 motion be transferred to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2255(h).

**Applicable Background**

In 2011, Brackeen pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *See United States v. Brackeen*, No. 3:11-

cr-1-M (01) (N.D. Tex.), Dkt. No. 34. Because he had suffered twelve prior Texas convictions for burglary – six for burglary of a building and six for burglary of a habitation – he was sentenced under the Armed Career Criminal Act ("the ACCA") to 200 months in prison with three years of supervised release. *See id.* He filed a direct appeal, but it was dismissed as frivolous on June 19, 2012. *See United States v. Brackeen*, 471 F. App'x 361 (5th Cir. 2012).

On September 6, 2017, the Court received a letter from Brackeen asking whether he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), or *United States v. Mathis*, 136 S. Ct. 2243 (2016). *See United States v. Brackeen*, No. 3:11-cr-1-M (01) (N.D. Tex.), Dkt. No. 55. Because his letter appeared to implicate arguments for post-conviction relief, the Court explained to him the procedure for raising claims under Section 2255 and ordered that he "either advise the Court that he does not seek relief under Section 2255 or file an amended motion" by October 20, 2017. *See United States v. Brackeen*, No. 3:11-cr-1-M (01) (N.D. Tex.), Dkt. No. 57 at 2.

Brackeen then filed a Section 2255 motion, claiming that his sentence must be vacated because, after *Johnson*, his prior burglary convictions no longer qualify as violent felonies under the ACCA and that his counsel was ineffective for failing to challenge his conviction on those grounds *see* Dkt. No. 2 at 7. But the Court dismissed his motion as time-barred. *See* Dkt. No. 16.

Brackeen now requests permission to file another Section 2255 motion. *See* Dkt. No. 17. He makes clear that he will again attack his sentence under the ACCA, relying

this time on a recent decision from the United States Court of Appeals for the Fifth Circuit – *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018). *See id.*

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court.") (emphasis in original).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant]

permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Brackeen's request for authorization to file a successive Section 2255 motion should be transferred there for appropriate action.

## Recommendation

The Court should transfer Brackeen's request for authorization to file a successive Section 2255 motion to the United States Court of Appeals for the Fifth Circuit for appropriate action. The Court should also direct the Clerk of Court to open a new Section 2255 proceeding (nature of suit 510), with direct assignment to Chief Judge Lynn and the undersigned United States magistrate judge, and to file this recommendation in that new proceeding.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 24, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE